# IN THE MATTER OF THE ESTATE OF GEORGE P. KAMAUOHA, DECEASED.

## No. 1364.

### PETITION FOR REHEARING.

FILED JULY 14, 1922.                    DECIDED JULY 28, 1922.

PETERS, C. J., EDINGS AND PERRY, JJ.

APPEAL AND ERROR—*rehearing—contents of application.*

A petition or motion for a rehearing should not include an argument in its support but should be confined to a brief and distinct statement of its grounds.

OPINION OF THE COURT BY PERRY, J.

Per Curiam: The plaintiffs in error move for a rehearing and thus state their alleged grounds:

1. That this court erred in holding that Act 47, S. L. 1915, or Act 3, S. L. 1919, repealed or modified Section 2994, R. L. 1915;

2. That this court erred in holding that S. K. Kamakau was a grandchild and lawful lineal descendant of the intestate;

3. That this court erred in holding that the word "issue," as used in section 3246, R. L. 1915, included an adopted child of the intestate's deceased child;

4. That this court erred in holding that the "issue" referred to in section 3246, R. L. 1915, need not be a descendant of the intestate whose property is to be divided;

5. That this court erred in holding that S. K. Kamakau was an heir of the intestate and inherited through his adopting mother.

There is no other statement of alleged grounds for a rehearing.

Assuming that the above are sufficient as statements of grounds to arrest the attention of the court and justify a consideration of the motion, as is far from clear, none of the justices who took part in the hearing desires to hear further argument in the matter. We find no point suggested either in the alleged grounds for rehearing or in the brief which is included under the title of "Petition for Rehearing" which did not receive extended and careful consideration at our hands at the hearing and subsequent thereto. The petition and the brief constitute merely an attempt at a reargument, perhaps more elaborate in some respects than was the original argument, of the issues in the case.

Rule 5 of this court provides that a petition for rehearing "shall briefly and distinctly state its grounds and be supported by certificate of counsel; and will not be permitted to be argued unless a justice who concurred in the opinion or judgment desires it." The practice of including a written argument in the petition or motion for a rehearing is not in conformity with the spirit of the rule which clearly provides in effect that there shall be no argument unless one or more of the justices desire it.

The petition is denied.

*W. C. Achi* and *I. M. Stainback* for the petition.