DORIS KATSUKO GINOZA, AND STANLEY TOSHIO GINOZA AND JUDY MICHIKO GINOZA, MINORS, BY DORIS KATSUKO GINOZA, THEIR PROCHEIN AMI *v.* KOSUKE TAKAI AND SHIGEKO TAKAI, DOING BUSINESS AS TAKAI ELECTRIC COMPANY.

NO. 2936 AND NO. 2937.

FILED JANUARY 19, 1955.     DECIDED FEBRUARY 14, 1955.

TOWSE, C. J., LE BARON AND STAINBACK, JJ.

*Per Curiam.* This is a petition for rehearing filed by appellants of the cause determined at page 691, *ante.*

A memorandum opposing appellants' petition for rehearing was filed by appellees. Appellants thereafter filed a motion to strike said memorandum on the ground that it presented argument on the petition for rehearing in violation of Rule 5 of the Rules of the Supreme Court which provides that such a petition "will not be permitted to be argued unless a justice who concurred in the opinion or judgment desires it."

"The practice of including a written argument in the petition or motion for a rehearing is not in conformity with the spirit of the rule which clearly provides in effect that there shall be no argument unless one or more of the justices desire it." (*Estate of Kamauoha,* 26 Haw. 515, 516.) "The petition should not include or be accompanied by any argument." (*Territory* v. *Good,* 27 Haw. 27.) Presentation of a brief in the form of a petition for rehearing and a supplemental memorandum in support of the petition is a violation of that rule. (*In re Dreier,* 32 Haw. 71.)

This prohibition of argument in or accompanying a petition for rehearing applies with equal force to a motion or memorandum presenting argument against, as well as for, a petition for rehearing. Appellees' memorandum opposing appellants' petition does present argument in violation of Rule 5 and the cases cited hereinabove. The motion to strike said memorandum is therefore granted.

Passing to consideration of the merits of the seven grounds of alleged error asserted in appellants' petition for rehearing, grounds 1 and 2 contend in substance that this Court erred in finding that the remarks of appellees' counsel upon the relative financial circumstances of appellees and appellants were not properly incorporated in the record to warrant consideration upon their merits. The issue raised by this contention was fully presented and so considered, at the time of argument, and as now

presented asserts no matter not urged or considered in the determination of the cause.

Grounds 3, 4 and 5 relate to the question of the prejudicial effect of remarks of appellees' counsel relative to appellants' failure to attend the decedent's funeral or to offer condolences to appellees. Appellants contend:

(1) "The Court erred in holding that the trial court did not commit error in allowing appellees' counsel to make the remarks * * * because they were mere remarks as to the callousness of the appellants, since this was not the basis upon which the remarks were allowed in the court below and since it was a matter raised by this Court of its own volition for the first time upon cases not cited by the appellees and since appellants have been afforded no opportunity to argue as to such cases and contention as to callousness * * *."

(2) "The Court erred in not allowing appellants an opportunity to argue on (1) whether the remarks * * * constituted mere 'callousness' and (2) as to whether a trial counsel should be allowed in the circumstances of such a case as this to argue as to callousness, and in so doing this Court contravened appellants' rights to due process under the Fifth Amendment to the United States Constitution."

(3) "The Court erred in holding that the remarks * * * were permissible as mere remarks as to callousness of the appellants since the said remarks were made without adequate support in the record and were made in rebuttal argument, with the result that the appellants were deprived of an opportunity to present evidence or to argue on the matter in the court below and are thereby deprived of due process under the Fifth Amendment to the Constitution of the United States."

Irrespective of this Court's characterization of the remarks as bearing upon the callousness or indifference

of appellants, the remarks in issue were considered in the light of appellants' contentions that "the trial court erred in permitting counsel for the appellees to make arguments on facts outside of the issues of the case and outside of the record, which were plainly designed as appeals to the sympathies or prejudices of the jury * * *." Our conclusion that the remarks, in the circumstances presented, "cannot be termed prejudicial in such degree as to result in manifest injustice" was grounded upon argument fully briefed and presented upon this issue. The issue of the proper or improper characterization of the remarks in issue, is not a legal conclusion material to the decision; and the asserted denial of a hearing upon this question does not, in our opinion, contravene any rights guaranteed by the Fifth Amendment to the Constitution of the United States.

Ground 6 alleges error upon the ground that evidence to support the remarks pertaining to the financial circumstances of the parties and appellants' failure to attend the decedent's funeral or offer condolences which would not have been permitted at trial were, in effect, allowed by way of rebuttal argument. The question of proper incorporation in the record of the remarks relative to the financial circumstances of the parties and the propriety of the remarks pertaining to appellants' failure to attend the funeral or offer condolences was extensively argued by counsel and fully considered in the determination of the cause and warrants no further reiteration.

Ground 7 alleges error in refusing to consider the cumulative effect of the errors "which it says by inference in its opinion were made by the court below." This contention is premised upon an alleged inference by this Court upon its finding relating to four errors alleged to have been committed by the trial court, each of which standing alone, was allegedly found insufficient to

constitute reversible error. We do not detect such an inference in the opinion of the Court.

The petition for rehearing is denied without argument.

*Tsukiyama & Yamaguchi* (*W. C. Tsukiyama*) and *Robertson, Castle & Anthony* (*F. D. Padgett*) for the petition.